No. 86-368

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

STATE COMPENSATION INSURANCE FUND,
as subrogee for Workers' Compensation
benefits paid or payable to or on behalf
of TOM W. PUTNAM, and LEONARD D. NEILSEN
d/b/a NEILSEN LOGGING,

              Petitioners and Appellants,

    -vs-

CASTLE MOUNTAIN CORPORATION,
          Employer,
    and

UNITED PACIFIC/RELIANCE INSURANCE COMPANIES,
          Defendant and Respondent.

APPEAL FROM:   The Workers' Compensation Court, The Honorable
             Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hughes, Kellner, Sullivan & Alke; Mike McCarter argued
        for State Comp., Helena, Montana
        Kelly & Halverson, P.C.; Patrick R. Sheehy argued for
        Putnam, Billings, Montana    (Cross-Appellant)

    For Respondent:

        Neil S. Keefer argued for Castle Mountain & United
        Pacific, Billings, Montana

                     Submitted:   April 27, 1987

                     Decided:   June 23, 1987

Filed: JUN 23 1987

_Ethel M. Harrison_

————————————————————
                  Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The State Compensation Fund (State Fund) appeals this decision of the Workers' Compensation Court, and the claimant Tom Putnam cross-appeals. The court held that claimant's employer was Nielsen Logging and that Nielson Logging was an employee of Castle Mountain Corporation (Castle Mountain) at the time claimant was injured. It also held that the State Fund, which insured Nielsen Logging, was not entitled to indemnification from Castle Mountain's insurer for workers' compensation payments made to Mr. Putnam. We affirm in part and vacate in part.

One issue resolves this appeal. The issue is:

Did the Workers' Compensation Court err in its application of § 39-71-405(2), MCA?

Mr. Putnam was injured in October 1981 while working on a slash clearing project in an area known as Indian Island in Meagher County. At the time of his injury, Mr. Putnam was working for a partnership known as Nielsen Logging, which in turn had contracted to do the slash clearing for Castle Mountain. Mr. Putnam filed a workers' compensation claim with Nielsen Logging's insurer, the State Fund. His claim was denied on the basis that Nielsen Logging's insurance had been cancelled as of October 1, 1981. Mr. Putnam petitioned for an investigation of the denial, and also sought benefits from Castle Mountain's insurer, in the event Nielsen Logging was indeed uninsured at the time of the injury.

The State Fund determined that a mistake had been made and that Nielsen Logging was insured at the time of the injury. The State Fund also took the position that the relationship between Castle Mountain and Nielsen Logging was one of employer-employee, and that Mr. Putnam was an employee

2

of Castle Mountain and eligible for benefits through its insurer. However, State Fund accepted liability while the issues of employment and liability were straightened out between the two employers and their insurers.

In October 1984 the State Fund filed a petition with the Workers' Compensation Court, asserting a right to indemnity against Castle Mountain's insurer. The matter was submitted on extensive stipulated facts and stipulated issues to be determined by the court. The court concluded that the relationship between Castle Mountain and Nielsen Logging at the time of Mr. Putnam's injury was that of employer-employee, not contractor-independent contractor. It concluded that Mr. Putnam was an employee of Nielsen Logging. It concluded that the State Fund was not entitled to indemnification from Castle Mountain's insurer under § 39-71-405(2), MCA, for benefits paid as a result of Mr. Putnam's injury. It reasoned that to require Castle Mountain's insurer to pay workers' compensation benefits to Nielsen Logging's injured employee would run contrary to the public policy of having all subcontractors maintain their own workers' compensation insurance coverage. Both the State Fund and Mr. Putnam appeal.

Did the Workers' Compensation Court err in its application of § 39-71-405(2), MCA?

The Workers' Compensation Court determined that Mr. Putnam was an employee of Nielsen Logging, which had workers' compensation insurance coverage through the State Fund. No one argues against that conclusion. Mr. Putnam says that once that determination was made, the court had no jurisdiction to decide whether Nielsen Logging was an employee of

3

Castle Mountain. He therefore urges that conclusion No. 2 and judgment paragraph No. 2 be stricken.

Castle Mountain and the State Fund both take the position that the court properly determined that Nielsen Logging was Castle Mountain's employee. That conclusion, if affirmed, may shield Castle Mountain from liability in a separate tort action which Mr. Putnam has brought against it. The State Fund desires the additional conclusion that it is entitled to indemnification from Castle Mountain for benefits paid to Mr. Putnam, under § 39-71-405(2), MCA.

Section 39-71-405, MCA, provides:

> Liability of employer who contracts work out. (1) An employer who contracts with an independent contractor to have work performed of a kind which is a regular or a recurrent part of the work of the trade, business, occupation, or profession of such employer is liable for the payment of benefits under this chapter to the employees of the contractor if the contractor has not properly complied with the coverage requirements of the Worker's Compensation Act. Any insurer who becomes liable for payment of benefits may recover the amount of benefits paid and to be paid and necessary expenses from the contractor primarily liable therein.
>
> (2) Where an employer contracts to have any work to be done by a contractor other than an independent contractor, and the work so contracted to be done is a part or process in the trade or business of the employer, then the employer is liable to pay all benefits under this chapter to the same extent as if the work were done without the intervention of the contractor, and the work so contracted to be done shall not be construed to be casual employment. Where an employer contracts work to be done as specified in this subsection, the contractor and the contractor's employees shall come under that plan of compensation adopted by the employer.
>
> (3) Where an employer contracts any work to be done, wholly or in part for the employer, by an independent contractor, where the work so

4

contracted to be done is casual employment as to such employer, then the contractor shall become the employer for the purposes of this chapter.

The Workers' Compensation Court applied § 39-71-405(2), MCA.

The State Fund cites Carlson v. Cain (Mont. 1983), 664 P.2d 913, 40 St.Rep. 865, as support for requiring Castle Mountain to indemnify it for Mr. Putnam's workers' compensation benefits. In <u>Carlson</u>, the claimant ran a newspaper delivery route for Jerry Cain, who had contracted with the Billings Gazette to deliver newspapers to drop-off points in eastern Montana. Mr. Cain was ostensibly an independent contractor. However, when the claimant was injured on the delivery route and Mr. Cain had no workers' compensation coverage, this Court determined that the claimant was an employee of Mr. Cain and Mr. Cain was an employee of the Billings Gazette. The Court held that claimant was entitled to benefits under the Gazette's workers' compensation coverage, under § 39-71-405(2), MCA. The State Fund argues that under the same type of factual analysis as was used in <u>Carlson</u>, Nielsen Logging is an employee of Castle Mountain and Castle Mountain must indemnify it. The critical fact distinguishing <u>Carlson</u> from the present case is that Jerry Cain was uninsured. In contrast, Nielsen Logging had workers' compensation insurance. The State Fund cites other cases on this issue. They are distinguishable on the same basis.

1C Larson, Workmen's Compensation Law, § 49.11 at 9-21 and 9-22, states:

> The purpose of this ["contractor-under" statutes like § 39-71-405, MCA] legislation was to protect employees of irresponsible and uninsured subcontractors by imposing ultimate liability on the presumably responsible principal contractor, who

5

> has it within his power, in choosing subcontractors, to pass upon their responsibility and insist upon appropriate compensation protection for their workers. This being the rationale of the rule, in the increasingly common situation displaying a hierarchy of principal contractors upon subcontractors upon sub-subcontractors, if an employee of the lowest subcontractor on the totem pole is injured, there is no practical reason for reaching up the hierarchy any further than the first insured contractor.

The above statement by Larson expresses a rule which reflects the general purpose of Montana's workers' compensation laws, to provide for the protection of workers. We interpret the three subsections of § 39-71-405, MCA, with that general purpose in mind.

Subsection (1) applies to the employer of an independent contractor performing work which is a regular or recurring part of the employer's trade or business. It holds that employer liable for workers' compensation benefits paid to the contractor's employees, if the contractor is uninsured. Subsection (3) states that the employer of an independent contractor hired for "casual employment" is not liable for benefits. Subsection (2) holds liable for benefits the employer of a non-independent contractor engaged in work which is a part or process in the business of the employer. It is unclear how this is different from a general statement of the obligation of any employer to pay benefits. Subsection (2) does not refer to whether the contractor carries insurance. This was a critical factor in subsection (1).

Section 39-71-405, MCA, was drafted over 70 years ago, near the beginning of the workers' compensation system in Montana. At that time, the law and practice of contractor-subcontractor relationships was much less complex than it is today. Nothing in the statute suggests an intent

6

to shift responsibility from one insured employer to another. We conclude that subsection (2) was intended to grant workers' compensation coverage to each non-independent contractor employee, when the work was in the regular course of business. It essentially grants workers' compensation insurance coverage to a non-independent contractor employee in the same manner as if there were no intervening non-independent contractor. While we recognize that subsection (2) could be read to require Castle Mountain to provide benefits for Mr. Putnam if Nielsen Logging was a non-independent contractor, we conclude that the subsection was not intended to address situations where the contractor is sufficiently independent to carry its own workers' compensation insurance.

We hold that § 39-71-405(2), MCA, does not cover a claim for indemnity by one insurance carrier against another. Since Mr. Putnam's injury is covered by Nielsen Logging's workers' compensation insurance, § 39-71-405, MCA, does not apply. It is not necessary to determine whether Nielsen Logging was an independent contractor or not, for purposes of Mr. Putnam's workers' compensation benefits. This is consistent with the rule expressed in Larson, and in harmony with the general purpose of Montana's workers' compensation law. In so holding, we emphasize that we do not rule upon the issue of whether Mr. Putnam may bring a separate suit against Castle Mountain.

We are reluctant to find fault with the failure of § 39-71-405, MCA, to address concerns which have arisen over 70 years later. However, we suggest that the legislature may wish to modify or replace the statute with a clearer provision.

We affirm the Workers' Compensation Court's conclusion that Mr. Putnam was an employee of Nielsen Logging. We also

7

affirm conclusion No. 4 that Mr. Putnam is entitled to workers' compensation benefits through Nielsen Logging's insurer, the State Fund. We vacate the lower court's conclusion No. 2 and judgment paragraph No. 2 that Nielsen Logging was an employee of Castle Mountain.

_____
Justice

We Concur:

_____
Chief Justice

_____
Justice

_____
District Judge

_____
Justice

_____
Justice

_____
District Judge

8